UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SCOTT E. BARNES,

        Plaintiff,

v.                                            Case No. 3:20-cv-1375-BJD-JBT

RICKY D. DIXON[1] and F. MOCK,

        Defendants.
_____

**<u>ORDER</u>**

**I.    Status**

Plaintiff, a state inmate of the Florida penal system, initiated this action by filing a pro se Civil Rights Complaint. Doc. 1. Plaintiff is proceeding <u>in forma pauperis</u> on a Second Amended Complaint. Doc. 15 (SAC).

Defendants Ricky D. Dixon, Secretary of the Florida Department of Corrections (FDOC), and F. Mock, Warden of Suwannee Correctional Institution (Suwannee CI) have moved to dismiss the claims remaining against them, which are official capacity claims under the Americans with Disability Act (ADA) and Rehabilitation Act (RA). <u>See</u> Doc. 34 (Motion). The Court

---

[1] Because Plaintiff sues Mark Inch in his official capacity as the Secretary of the FDOC, a position he no longer holds, the Court substituted Ricky D. Dixon, the current Secretary, as the proper party Defendant. <u>See</u> Doc. 30 at 1 n.1.

advised Plaintiff that the granting of a motion to dismiss would be an adjudication of the claims against Defendants that could foreclose any subsequent litigation of the matter and provided Plaintiff with an opportunity to respond. See Doc. 23. Plaintiff filed a response in opposition to the Motion. See Doc. 38 (Response). The Motion is ripe for the Court's review.

**II.   Plaintiff's Allegations and Relevant Procedural History[2]**

In his SAC, Plaintiff alleges that he is deaf and requires a telecommunication device for the deaf (TDD) to make and receive phone calls. According to Plaintiff, in June 2019, while housed at Suwannee CI, Plaintiff noticed that the facility did not have a TDD. Doc. 15 at 11. As such, Plaintiff began notifying officials about his need for a TDD. Plaintiff provides a timeline detailing his interactions with Defendant Mock and various other correctional officials between June 7, 2019, and April 27, 2020, during which Plaintiff, inter alia, spoke with Mock at ADA committee meetings and filed several grievances with Mock detailing his disability and need to access an operable TDD to make phone calls. Id.

According to Plaintiff, however, despite his repeated requests, for thirteen months, Defendants at Suwannee CI either denied Plaintiff access to a TDD or refused to have the existing, inoperable TDD repaired. See generally

---

[2] The Court summarizes only the allegations relevant to the remaining issues before the Court.

id. Consequently, Plaintiff was unable to make a phone call to anyone during that time. Plaintiff suggests that access to a TDD is medically necessary, and Suwannee CI's failure to provide him with the accommodation hindered his ability to contact his attorney and family members. Doc. 15 at 17-18. He contends that on April 28, 2020, he was transferred to Columbia Correctional Institution (Columbia CI) and finally got access to a functional TDD. Id. Plaintiff called his family and learned that most of his family had died from COVID-19. Id. When Plaintiff filed this action, he was still housed at Columbia CI. See Doc. 1 at 1. After initiating this action, Plaintiff was transferred back to Suwannee CI and was housed at Suwannee CI when he filed his SAC. See Doc. 15 at 33; see also Order of Partial Dismissal Without Prejudice (Doc. 22 at 2-3).

Plaintiff sues Defendants Mock and Dixon in their official capacities for allegedly violating his rights under the ADA and RA.[3] As relief, Plaintiff seeks declaratory and injunctive relief, as well as $10,000 in compensatory damages

---

[3] Plaintiff originally brought individual and official capacity claims against Defendants Mock and Dixon and sixteen other Suwannee CI officials for alleged violations under the ADA and RA, as well as the First, Eighth, and Fourteenth Amendments. See Doc. 15. The Court dismissed all individual capacity ADA and RA claims against all Defendants and all individual and official capacity claims under the First, Eighth, and Fourteenth Amendments against all Defendants. Doc. 22 at 11. The Court found Plaintiff's official capacity ADA and RA claims against Defendants Mock and Dixon would proceed as the highest-ranking Defendants, and the other sixteen Defendants were dismissed from this action as redundant. Id.

3

against each Defendant and $5,000 in punitive damages against each Defendant. Id. at 15. According to the FDOC website, as of the date of this Order, Plaintiff is currently housed at Blackwater Correctional Facility (Blackwater CF). See Florida Department of Corrections, Offender Network, available at www.dc.state.fl.us (last visited July 22, 2022).

### III.  Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted). The Court liberally construes the pro se Plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).

### IV.   Parties' Arguments and Analysis

Defendants Mock and Dixon seek dismissal on these grounds: (1) Plaintiff's claims involving acts that occurred between June 2019 and December 2019 are time-barred; (2) Plaintiff's request for monetary damages is barred by the Eleventh Amendment; (3) Defendant Mock should be dismissed as a redundant Defendant; (4) Plaintiff cannot obtain declaratory relief for past conduct; (5) Plaintiff's remaining claims are moot; and (6) Plaintiff cannot demonstrate entitlement to injunctive relief. See generally Doc. 34. In his brief Response, Plaintiff alleges the "camera" will verify all incidents that occurred between June 2019 and April 28, 2020; the other previously dismissed Defendants are Plaintiff's "witnesses" and know what happened; Defendant Mock should not be dismissed because he signed Plaintiff's grievance appeal; and "all documents will verify everything" Plaintiff alleges. See Doc. 38.

Defendants' Eleventh Amendment and mootness arguments are case-dispositive, obviating the need to address their other arguments.

#### a.   *Monetary Damages*

Defendants argue that Plaintiff's claims for monetary damages against them in their official capacities should be dismissed, because they are entitled to Eleventh Amendment immunity. Doc. 34 at 4-5. The Court agrees that Plaintiff's claims for monetary damages against Defendants are barred by the

5

Eleventh Amendment. See, e.g., Hayes v. Sec'y, Fla. Dep't of Children & Families, 563 F. App'x 701, 703 (11th Cir. 2014) ("The Eleventh Amendment . . . prohibits suits against state officials where the state is the real party in interest, such that a plaintiff could not sue to have a state officer pay funds directly from the state treasury for the wrongful acts of the state.").[4]

### b.   *Injunctive and Declaratory Relief*

Plaintiff requests a "declaration that the acts and omissions described [in his SAC] violated Plaintiff's rights under the Constitution and laws of the United States." Doc. 15 at 27. He also seeks a preliminary and permanent injunction ordering Defendants and other Suwannee CI officials to enforce the ADA whenever a deaf inmate needs auxiliary aids and assistance. Id. Defendants argue that because Plaintiff was housed at Columbia CI when he filed this action, his request for injunctive relief was rendered moot upon his transfer out of Suwannee CI. Doc. 34 at 7-8. They also argue that to the extent the Court recognized Plaintiff had been transferred back to Suwannee CI at the time of filing his SAC, any deprivation that occurred after his return must be raised in a new action after proper exhaustion. Id. at 8. The Court finds that

---

[4] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point.  See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

Plaintiff's transfer to Blackwater CF, where he is still housed, is dispositive of the remaining issues and renders Plaintiff's claims for declaratory and injunctive relief moot.

It is well established that "[i]f events that occur subsequent to the filing of a lawsuit . . . deprive the court of the ability to give the plaintiff . . . meaningful relief, then the case is moot and must be dismissed." Al Najjar v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir. 2001) (citation omitted). In the Eleventh Circuit, "[p]risoners' claims for injunctive or declaratory relief regarding prison conditions generally become moot when the prisoner transfers to another prison." Owens v. Sec'y, Fla. Dep't of Corr., 602 F. App'x 475, 476 (11th Cir. 2015) (citation omitted) (holding that the prisoner's ADA and RA claims were rendered moot by the prisoner's transfer to another prison.). "The reason for this rule is that injunctive relief is 'a prospective remedy, intended to prevent future injuries,' and, as a result, once the prisoner has been released, the court lacks the ability to grant injunctive relief and correct the conditions of which the prisoner complained." Smith v. Allen, 502 F.3d 1255, 1267 (11th Cir. 2007), abrogated on other grounds by Sossamon v. Texas, 563 U.S. 277 (2011).

There is a narrow exception to the doctrine of mootness when a challenged action is capable of being repeated and when it evades review, but this exception applies only when: "(1) there is a reasonable expectation or a

7

demonstrated probability that the same controversy will recur involving the same complaining party, and (2) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration." Al Najjar, 273 F.3d at 1336 (internal quotation marks omitted). Here, Plaintiff's claims are moot because he requests declaratory and injunctive relief about conditions in a prison in which he is no longer incarcerated. His ADA and RA claims are solely based on his lack of access to an operable TDD while housed at Suwannee CI between June 2019 and April 2020. Doc. 15 at 26. Indeed, Plaintiff alleges that he obtained access to an operable TDD after his transfer to Columbia CI on April 28, 2020. Thus, Plaintiff admits that his challenged conduct is specific to Suwannee CI, and while Plaintiff briefly returned to Suwannee CI after he initiated this case, Plaintiff did not allege that upon that brief return, he was again denied access to an operable TDD. Id.

Further, Plaintiff has since been transferred again and is currently incarcerated at Blackwater CF. Plaintiff fails to show that he will be returned to Suwannee CI, and even if he is returned to Suwannee CI, he has failed to allege that the conditions he complains of will still be an issue if he is returned. As such, Plaintiff has not shown that the challenged conduct falls within the narrow exception to the mootness doctrine. And thus, because Plaintiff has been transferred out of Suwannee CI, his claims for injunctive and declaratory relief against Defendants Mock and Dixon no longer present a case or

controversy over which the Court has jurisdiction. See Owen, 602 F. App'x at 477 (citing Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) (an inmates claims for injunctive and declaratory relief in § 1983 action failed to present case or controversy once inmate has been transferred).

Accordingly, it is

**ORDERED AND ADJUDGED:**

1.  Defendants' Motion to Dismiss (Doc. 34) is **GRANTED**.

2.  Plaintiff's claims for monetary damages, as well as his claims for injunctive and declaratory relief against Defendant Mock and Defendant Dixon in their official capacities under the ADA and RA are **DISMISSED with prejudice**.[5]

---

[5] Generally, a pro se plaintiff should be provided an opportunity to amend his complaint "[w]here it appears a more carefully drafted complaint might state a claim upon which relief can be granted." Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) (en banc). However, if an amendment would be futile, such as where a plaintiff can "prove no set of facts" that would entitle him to relief, id., the Court may dismiss the case with prejudice, Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant."). Plaintiff has previously been given an opportunity to amend his claims. See Order (Doc. 8). Additionally, any effort by Plaintiff to further amend his claims premised on these facts would be futile.

3. The **Clerk** shall enter judgment dismissing this case with prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of August, 2022.

_____
BRIAN J. DAVIS
United States District Judge

Jax-7

c: Scott E. Barnes, #464128
counsel of record